FILED
CLERK
1:12 pm, Aug 26, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**Kevin Moran**,
Plaintiff,

- against -

**Commissioner of the Social Security Administration**,
Defendant.

---

**SCHEDULING ORDER**

24-cv-5177(GRB)

**NOTE THAT THIS ORDER VARIES FROM ADMINISTRATIVE ORDER 2015-05. PARTIES SHOULD FOLLOW THE PROCEDURE SET FORTH BELOW AND REFER TO MY INDIVIDUAL RULE VII.**

Plaintiff initiated this action by filing the complaint on 6/30/2024.

Defendant will obtain and serve upon the plaintiff but not file the administrative record of the proceedings within 60 days of the date that this Order is docketed. Defendant's answer to the complaint is waived. Within 30 days from the filing of the record, plaintiff shall serve but not file upon defendant a motion for judgment on the pleadings. Within 30 days from the receipt of plaintiff's motion, defendant shall serve but not file upon plaintiff its cross-motion. Any party wishing to file a reply memorandum of law shall serve such reply memorandum of law within 14 days of the receipt of the opposing memorandum of law. On that day, the movant(s) shall electronically file the entire set of motion papers, statement of contentions, and the administrative record with the Court. After electronic filing, the movant(s) shall mail to the Court one hard copy of all motion papers marked as "Courtesy Copy" as per the undersigned's individual rules. Defendant shall mail to the Court one hard copy of the Administrative Record.

**BRIEFING REQUIRMENTS**

1. With regard to the description of medical record, the parties are directed to refrain from referring to or citing any portion of the record unless that reference or citation (1) provides material support for the party's position; or (2) is necessary to distinguish or explain as not adequately supporting a result contrary to the party's position. In other words, the Court does not want a rote recitation of every piece of medical evidence, but only such evidence as needs to be considered in connection with the Court's review.

2. To the extent a party's memorandum of law uses medical terminology not in common usage among laypersons, the memorandum shall explain the term, with a citation to a medical reference source supporting the definition. If the use of the term relates to the results of a medical test, the memorandum shall explain how those results bear on the finding of non-disability.

3. Failure to adhere to these briefing requirements may result in the striking of a party's memorandum of law.

Dated: Central Islip, New York
August 26, 2024

**SO ORDERED:**

*/s/ Gary R. Brown*
GARY R. BROWN
UNITED STATES DISTRICT JUDGE